FILED

OCT 1 4 2020

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULISSA COTA, individually and on behalf of herself and all others similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br>AVEDA CORPORATION, a Minnesota corporation; and DOES 1 to 10, inclusive,<br><br>        Defendant. | Case No.: 3:20-cv-01137-BEN-BGS<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES**<br><br>**[ECF No. 11]** |

## I.  INTRODUCTION

Plaintiff Julissa Cota ("Plaintiff"), individually and on behalf of all others similarly situated, brings this action for violations of (1) the Americans with Disabilities Act of 1990, 42 U.S.C. § 12181 (the "ADA"), and (2) Unruh Civil Rights Act, Civ. Code, § 51, *et seq.* (the "UCRA"), against Defendant Aveda Corporation, a Minnesota corporation ("Defendant").  ECF No. 1.

Before the Court is Plaintiff's Motion to Strike Affirmative Defenses Nos. 1, 4-8, and 10-17 pled in Defendant's Answer (the "Motion").  ECF No. 11.  On September 29, 2020, Defendant filed an opposition.  ECF No. 13.  Plaintiff did not file a reply brief.  The motions were submitted on the papers without oral argument pursuant to Civil Local Rule 7.1(d)(1) and Rule 78(b) of the Federal Rules of Civil Procedure.  ECF No. 15.

After considering the papers submitted, supporting documentation, and applicable law, the Court **DENIES** Plaintiff's Motion to Strike Affirmative Defenses Nos. 4, 6, 10, 12, 14, 15, and 17. As discussed below, with respect to Affirmative Defense Nos. 1, 5, 7-8, 11, 13, and 16, the Motion is moot as Defendant has agreed to withdraw these defenses.

## II.   BACKGROUND

### A.   Factual Background

Plaintiff is a visually impaired and legally blind person who requires screen reading software to read website content using her computer. ECF No. 1 at 1:26-27. Defendant is a Minnesota corporation, which operates (1) "stores, which constitute places of public accommodation, in California, and the United States as a whole, selling make-up, hair and beauty products, and other items," and (2) "a website, https://www.aveda.com, which provides consumers with product information, a means to order items for pick-up in store, store location information, and other services." ECF No. 11 at 1:21-24 (citing ECF No. 1, ¶¶ 3, 5). "Defendant's website is incompatible with screen-reading software and, therefore, cannot be used by Plaintiff." *Id.* at 1:25-26 (citing ECF No. 1, ¶ 24). As a result, Plaintiff alleges she has visited Defendant's website numerous times, and during each visit, she has encountered various barriers, which prevented her from using the website. *Id.* at 1:27-28 (citing ECF No. 1, ¶¶ 26, 28).

### B.   Procedural History

On June 23, 2020, Plaintiff filed this lawsuit, individually and on behalf of all others similarly situated, alleging claims for relief for violations of the (1) ADA and (2) UCRA against Defendant. ECF No. 1.

On July 20, 2020, Defendant was served. ECF No. 4. On August 10, 2020, Defendant timely filed its answer to Plaintiff's complaint, asserting eighteen (18) affirmative defenses. ECF No. 5; *see also* FED. R. CIV. PROC. 12(a).

On August 31, 2020, Plaintiff filed a Motion to Strike Defendant's Answer, seeking to strike Affirmative Defense Nos. 1, 4-8, and 10-17. ECF No. 11. On September 29,

-2-

2020, Defendant filed an Opposition to the Motion, advising that it withdrew its 1st, 5th, 7th, 8th, 11th, 13th, and 16th affirmative defenses, leaving only the 4th, 6th, 10th, 12th, 14th, 15th, and 17th affirmative defenses at issue.  ECF No. 13 at 5.

## III.   **LEGAL STANDARD**

Federal Rule of Civil Procedure 12(f) allows a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "The grounds for a motion to strike must appear on the face of the pleading under attack, or from matters which the Court may take judicial notice." *Herd v. Cty. of San Bernardino*, 311 F. Supp. 3d 1157, 1162 (C.D. Cal. 2018).  A motion to strike portions of an answer is appropriate when a defense is (1) insufficient as a matter of law or (2) insufficiently pled. *Harris v. Chipotle Mexican Grill, Inc.*, 303 F.R.D. 625, 627 (E.D. Cal. 2014); *see also Herd*, 311 F. Supp. 3d at 1162 (citing *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1057 (5th Cir. 1982)).  "An affirmative defense fails as a matter of law if it 'lacks merit under any set of facts the defendant might allege.'" *Harris*, 303 F.R.D. at 628.  With respect "to determining the sufficiency of pleading[,] an affirmative defense is [sufficiently pled when] . . . it gives plaintiff fair notice of the defense." *Id.*; *see also Kohler v. Flava Enterprises, Inc.*, 779 F.3d 1016, 1019 (9th Cir. 2015) (providing that "the 'fair notice' required by the pleading standards only requires describing the defense in 'general terms'").

The purpose of a Rule 12(f) motion "is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (internal quotation marks omitted).  "Motions to strike are generally disfavored and should not be granted unless the matter to be stricken clearly could have no possible bearing on the subject of the litigation." *Diamond S.J. Enter., Inc. v. City of San Jose*, 395 F. Supp. 3d 1202, 1216 (N.D. Cal. 2019) (internal quotations omitted).  When considering a motion to strike, "courts must view the pleadings under attack in the light more favorable to the pleader." *Lazar v. Trans Union LLC*, 195 F.R.D. 665, 669 (C.D. Cal. 2000).  The decision to grant a motion

1  to strike ultimately lies within the discretion of the trial court. *Rees v. PNC Bank, N.A.*,
2  308 F.R.D. 266, 271-72 (N.D. Cal. 2015) (citing *Whittlestone*, 618 F.3d at 973). Some
3  courts require a plaintiff to make a showing of prejudice before granting a motion to strike.
4  *Greenwich Ins. Co. v. Rodgers*, 729 F. Supp. 2d 1158, 1162 (C.D. Cal. 2010).

5  **IV.   DISCUSSION**

6  Plaintiff's primary arguments are that Defendant's affirmative defenses are (1)
7  "poorly pled," lacking "some connection, even in general terms, between the defense and
8  this case," and (2) "not valid affirmative defenses." ECF No. 11 at 1:11-18. Defendant
9  responds by arguing that its affirmative defenses (1) "are based on plausible
10 interpretations of Plaintiff's allegations" from Plaintiff's own "artfully vague, boilerplate
11 complaint" and (2) provide Plaintiff fair notice. ECF No. 13 at 1:7-20. Defendant also
12 voluntarily withdrew its 1st, 5th, 7th, 8th, 11th, 13th, and 16th affirmative defenses, ECF No.
13 13 at 5:7-21, and argues that "[h]ad Plaintiff picked up the phone rather than running to
14 the Court, the parties could have addressed the issues informally," *id.* at 1:12-14. Thus,
15 Defendant contends that "Plaintiff's Motion only stands to manufacture unnecessary
16 attorneys' fees," *id.* at 1:16-17, noting that "the ADA has been manipulated to generate
17 attorneys' fees," *id.* at 5:1. The Court notes that while the Southern District has no formal
18 meet and confer requirement prior to filing a motion to strike, meet and confer efforts are
19 always encouraged. Here, such efforts could have saved Plaintiff time and effort with
20 respect to Defendant's agreement to withdraw several of its affirmative defenses. That
21 being said, as outlined the below, with respect to Plaintiff's Motion, this Court grants it
22 in part and denies it in part for the below reasons.

23   **A.   Defenses Plaintiff Alleges Fail as a Matter of Pleading**

24 "The key to determining the sufficiency of pleading an affirmative defense is
25 whether it gives plaintiff fair notice of the defense." *Harris*, 303 F.R.D. at 628. Unlike
26 the code pleading standard used in California superior courts, in which pleading of facts in
27 support of affirmative defenses is required, federal courts utilize the notice pleading
28 standard. *See, e.g., Fanucchi & Limi Farms v. United Agri Prod.*, 414 F.3d 1075, 1082

-4-

1    (9th Cir. 2005) (reiterating that "federal courts employ notice pleading under Federal Rule

2    of Civil Procedure 8(a)" while "California courts employ code pleading, which requires

3    more factual detail than notice pleading"). In federal courts, Rule 8 of the Federal Rules

4    of Civil Procedure ("Rule 8") governs the level of pleading, and Rule 8(a) requires in a

5    complaint to contain "a short and plain statement of the claim showing that the pleader is

6    entitled to relief." FED. R. CIV. P. 8(a). Rule 8(b) governs the pleading of defenses

7    generally and requires only that the party "state in short and plain terms its defense to each

8    claim asserted against it." FED. R. CIV. P. 8(b). Meanwhile, Rule 8(c) governs the pleading

9    of affirmative defenses and provides that "[i]n response to a pleading, a party must

10   affirmatively state any avoidance or affirmative defense." FED. R. CIV. P. 8(c). The

11   Supreme Court has opined on the interpretation of Rule 8 in several opinions relevant to

12   the level of pleading required.[1] However, the Ninth Circuit has held that the Supreme

---

15   1    In 2007, the Supreme Court in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007),
16   held that a plaintiff need not plead specifics but must plead "only enough facts to state a
     claim to relief that is plausible on its face." A pleading that offers "labels and conclusions,"
17   "a formulaic recitation of the elements of a cause of action," "or "naked assertion[s]" with
     no "factual enhancement" will not pass muster. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78
18   (2009) (citing *Twombly*, 550 U.S. at 555). In 2009, the Supreme Court, in *Ashcroft v.
19   Iqbal*, 556 U.S. 662 (2009), clarified *Twombly*, holding that "[t]hough *Twombly*
20   determined the sufficiency of a complaint sounding in antitrust, the decision was based on
     our interpretation and application of Rule 8," which "governs the pleading in all civil
21   actions."   *Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) (holding that the "decision
22   in *Twombly* expounded the pleading standard for 'all civil actions'"). Both *Twombly* and
     *Iqbal*, however, examined a complaint under the requirements of Rule 8(a)(2). Those
23   decisions did not delve into Rule 8(b) or 8(c) and did not go into the level of pleading
24   required for affirmative defenses. However, "the Ninth Circuit has continued to recognize
     the 'fair notice' standard of affirmative defense pleading even after *Twombly* and *Iqbal*,"
25   thereby suggesting that standard continues to apply to affirmative defenses but not claims
26   for relief in a complaint. *See, e.g., Kohler v. Islands Restaurants, LP*, 280 F.R.D. 560, 566
     (S.D. Cal. 2012); *see also Simmons v. Navajo Cty., Ariz.*, 609 F.3d 1011, 1023 (9th Cir.
27   2010) ("The key to determining the sufficiency of pleading an affirmative defense is
     whether it gives plaintiff fair notice of the defense") *overruled on other grounds by Castro*
28   *v. County of Los Angeles*, 833 F.3d 1060 (9th Cir. 2016) (en banc); *Schutte & Koerting*,

Court's *Twombly/Iqbal* standard does not apply to affirmative defenses. *See, e.g., Kohler v. Flava Enterprises, Inc.*, 779 F.3d 1016, 1019 (9th Cir. 2015) (in a case involving an appeal from the Southern District, the Ninth Court held that it would not disturb the district court's finding that the defendant had adequately pled "equivalent facilitation as an affirmative defense") (citing 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1274 (3d ed.1998)).

The Southern District follows the Ninth Circuit's decision in *Kohler*, which requires Defendant to plead its affirmative defenses under the fair notice standard. "[T]he 'fair notice' required by the pleading standards only requires describing the defense in "general terms." 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1274 (3d ed.1998). Each affirmative defense "need not be supported by detailed factual allegations" but "must at least give notice of the grounds upon which it rests." *Weintraub v. Law Office of Patenaude & Felix, A.P.C.*, 299 F.R.D. 661, 665-66 (S.D. Cal. 2014) (internal quotations omitted). However, "fair notice" in no way requires that a defendant "plead all the elements of a prima facie case." *Wong v. United States*, 373 F.3d 952, 969 (9th Cir. 2004). "With respect to some defenses, 'merely pleading the name of the affirmative defense ... may be sufficient.'" *Mag Instrument, Inc. v. JS Prod., Inc.*, 595 F.

*Inc. v. Swett & Crawford*, 298 F. App'x 613, 615 (9th Cir. 2008) (providing that "Fed.R.Civ.P. 8(c) does require that the pleading give plaintiff 'fair notice of the defense'")). Further, within the Southern District of California, the majority of courts have declined to extend the *Twombly/Iqbal* standard to affirmative defenses. *See, e.g., Venson v. Jackson*, No. 18-cv-02278-BAS-BLM, 2020 WL 4015708, at *1 (S.D. Cal. July 16, 2020) (stating that "[t]he key to determining the sufficiency of pleading an affirmative defense is whether it gives the plaintiff fair notice of the defense") (Bashant, J.); *Weintraub v. Law Office of Patenaude & Felix, A.P.C.*, 299 F.R.D. 661, 664–65 (S.D. Cal. 2014) (declining "to extend the *Twombly/Iqbal* pleading standards to affirmative defenses) (Whelan, J.); *J & J Sports Prods., Inc. v. Scace*, No. 10CV2496-WQH-CAB, 2011 WL 2132723, at *1 (S.D. Cal. May 27, 2011) (Hayes, J.) ("This Court agrees with the reasoning of those courts which have held that district courts in this Circuit remain bound by the holding of *Wyshak v. City National Bank*, 607 F.2d 824, 827 (9th Cir.1979)").

1   Supp. 2d 1102, 1108 (C.D. Cal. 2008) (citing *Woodfield v. Bowman*, 193 F.3d 354, 361

2   (5th Cir.1999)). "Rule 8(b)(1) only requires the responding party to 'state in short and

3   plain terms its defenses to each claim asserted against it.'" *Weintraub*, 299 F.R.D. at 665.

4          Interestingly enough, Plaintiff does not dispute that the fair notice standard applies

5   to affirmative defenses. *See* ECF No. 11 at 2:25 (noting that "[c]ourts evaluate motions to

6   strike affirmative defenses under the 'fair notice' standard").   However, Plaintiff's

7   arguments seem to contradict this proposition because the fair notice standard does not

8   require factual support for affirmative defenses. Thus, Plaintiff admits that the fair notice

9   standard applies to the Court's evaluation of affirmative defenses; yet, Plaintiff's primary

10  argument for striking most of Defendant's affirmative defenses is that they lack factual

11  support. *See, e.g.*, ECF No. 11 at 4:8-9 (Plaintiff argues that "the affirmative defenses here

12  merely make reference to doctrines, and do not include any even general factual allegations

13  which tie the defenses to this case").

14         This Court agrees with Defendant's argument as well as other courts that have found

15  it would be impracticable to require defendants to allege factual support for their

16  affirmative defenses and meet the same standards to which courts hold complaints. *See,*

17  *e.g.*, *Kohler v. Staples the Office Superstore, LLC*, 291 F.R.D. 464, 469 (S.D. Cal. 2013)

18  (explaining that "it is reasonable to impose stricter pleading requirements on a plaintiff

19  who has significantly more time to develop factual support for his claims than a defendant

20  who is only given [21] days to respond to a complaint and assert its affirmative defenses").

21         1.   ***Defendant's Fourth Affirmative Defense for De Minimis Deviations.***

22         Defendant's Fourth Affirmative Defense for *De Minimis* Deviations alleges that

23  "Plaintiff's Complaint as a whole, and the claims for relief contained therein, fail to state a

24  claim for relief as the alleged accessibility violations constitute *de minimis* deviations from

25  applicable access laws, codes, regulations or guidelines or are within design tolerances."

26  ECF No. 5 at 10:1-6. Plaintiff argues the Fourth Affirmative Defense should be stricken

27  because Defendant fails to include factual allegations, which state "the basis for

28  Defendant's conclusory statement that the barriers at issue are *de minimis*." ECF No. 11

-7-

at 5:4-7. Defendant—although failing to address whether Defendant must or did include facts showing how the alleged violations are de minimis—responds by arguing that de minimis deviations are a valid defense in ADA matters and should apply to websites. ECF No. 13 at 6:11-27.

In support of Plaintiff's argument, Plaintiff relies on the case of *Qarbon.com, Inc. v. eHelp Corp.*, 315 F.Supp.2d 1046, 1049–50 (N.D. Cal. 2004). However, the Court finds this case unpersuasive given it has been criticized by later cases and also preceded the Ninth Circuit's holding in *Kohler*. *See, e.g., Kohler v. Big 5 Corp.*, No. 2:12-CV-00500-JHN, 2012 WL 1511748, at *2 (C.D. Cal. Apr. 30, 2012) (rejecting Plaintiff's reliance on *Qarbon.com* and noting that "other recent cases have held that *Twombly*'s plausibility standard is inapplicable to affirmative defenses"). Under the fair notice standard, this Court believes Defendant's Fourth Affirmative Defense passes muster. *E.g., Mag*, 595 F. Supp. 2d at 1108 (reiterating that "[w]ith respect to some defenses, 'merely pleading the name of the affirmative defense . . . may be sufficient"); *see also Kohler v. Big 5 Corp.*, No. 2:12-CV-00500-JHN, 2012 WL 1511748, at *4 (C.D. Cal. Apr. 30, 2012) (denying the plaintiff's motion to strike the defendant's affirmative defense of "dimensional tolerances," finding it was adequately pled while noting "the Ninth Circuit has not categorically rejected 'dimensional tolerances' as an affirmative defense under certain circumstances and courts within this circuit have declined to strike affirmative defenses based on a theory of de minimis violation"). Thus, the Court denies Plaintiff's motion to strike Defendant's Fourth Affirmative Defense.

### 2.   *Defendant's Tenth Affirmative Defense Alleging that Remediation is not Readily Achievable*

Defendant's Tenth Affirmative Defense alleges that "[t]o the extent that Plaintiff requests modifications or accommodations that are not readily or technically achievable, are impracticable or already exist, Plaintiff's claims are barred, in whole or in part, pursuant to 42 U.S.C. §§ 12181(9), 12182(b)(2)(A)(iv)." ECF No. 5 at 11:8-14. Plaintiff argues that Defendant fails to allege any facts in its answer as to how remediation is not readily

1  achievable. ECF No. 11 at 6:25-7:5. Defendant—again, failing to address whether it is

2  required to or did plead facts in support of its affirmative defense, responds by arguing that

3  "[r]emediations being 'not readily achievable' is a well-recognized, valid affirmative

4  defense." ECF No. 13 at 7:13-24.

5       In *Kohler v. Islands Restaurants, LP*, 280 F.R.D. 560, 568 (S.D. Cal. 2012), the court

6  struck the defendant's defense, which consisted of pleading that "removal of the alleged

7  architectural barriers was not readily achievable." *Islands* involved a plaintiff, who like

8  Plaintiff here, was disabled and brought a lawsuit alleging ADA and UCRA violations

9  against, *inter alia*, Defendant Islands Restaurants, LP, dba Fine Burgers and Drinks.

10  *Islands*, 280 F.R.D. at 563. After Defendant Islands answered the complaint, the plaintiff

11  brought a motion to strike all of the defendant's affirmative defenses. *Id.* at 563. In ruling

12  on the motion to strike, the court noted that first, "[u]nder the ADA, removal of an

13  architectural barrier is not readily achievable if it cannot be easily accomplished or entails

14  'much difficulty or expense.'" *Id.* (citing 42 U.S.C. § 12181(9)). The court also pointed

15  out that "Section 12181(9) further identifies several factors to consider in determining

16  whether removal is readily achievable, including the cost of removal, the defendant's

17  financial resources, and the defendant's operations." *Id.* Thus, because there were several

18  grounds upon which the defendant might be relying in this matter, the Court found the

19  defendant's bare assertion of the defense provided inadequate notice to the plaintiff. *Id.*;

20  *see also Kohler v. Big 5 Corp.*, No. 2:12-CV-00500-JHN, 2012 WL 1511748, at *5 (C.D.

21  Cal. Apr. 30, 2012) (striking the defendant's defense of "not readily achievable" without

22  prejudice for the same reasons) (citing *Islands*); *Hernandez v. Cty. of Monterey*, 306 F.R.D.

23  279, 286 (N.D. Cal. 2015) (holding that the defendant's failure to identify "which barriers

24  are at issue, what specific costs are involved[,] and how those costs would create an undue

25  burden" failed to provide the plaintiff with fair notice); *Vogel v. Huntington Oaks

26  Delaware Partners, LLC*, 291 F.R.D. 438, 439, 442 (C.D. Cal. 2013) (striking the

27  defendant's twenty-second affirmative defense of not readily achievable as factually

28  deficient).

1    Although the affirmative defenses asserted in this case closely resemble the
2    affirmative defenses asserted in the other ADA cases of *Islands*, *Big 5*, *Hernandez*, and
3    *Vogel*, reluctantly, this Court finds that the conclusion of these cases inherently conflicts
4    with the Ninth Circuit's decision in *Kohler* that the *Twombly/Iqbal* standard does not apply
5    to affirmative defenses.  First, *Islands* and *Big 5* both agree that courts should examine
6    affirmative defenses under the fair notice standard.  *See Islands*, 280 F.R.D. at 564; *Big 5*,
7    2012 WL 1511748 at *2-3.   However, under *Kohler*, the "'fair notice' required by the
8    pleading standards only requires describing the defense in 'general terms.'"  *Kohler*, 779
9    F.3d at 1019.  Yet, both *Islands* and *Big 5* seem to require more than simply stating the
10   defense in general terms.  *See, e.g.*, *Islands*, 280 F.R.D. at 568 (holding that "[b]ecause
11   there are several grounds upon which Islands may be relying in this matter, the Court finds
12   that its bare assertion of the defense provides inadequate notice"); *Big 5*, 2012 WL 1511748
13   at *5 (providing that even though Defendant asserted the defense, the defendant did not
14   indicate the grounds upon which it relies in asserting the defense, and as such the "bare
15   assertion of the defense provides inadequate notice").   This Court concludes that the
16   outcomes in *Islands* and *Big 5* conflict with the Ninth Circuit's conclusion that a defendant
17   need only state a defense in general terms as well as the pleading requirements in Rule 8.
18   *Kohler*, 779 F.3d at 1019; *see also* FED. R. CIV. P. 8(b) (requiring that a defendant need
19   only "state in short and plain terms its defense to each claim"); FED. R. CIV. P. 8(c)
20   (requiring that a defendant must only state an affirmative defenses).
21       Second, the *Vogel* decision is from the Central District, and preceded the Ninth
22   Circuit's holding in *Kohler* that affirmative defenses should be reviewed under the fair
23   notice standard.  Before the *Kohler* decision, the Central District held affirmative defenses
24   to the *Twombly* standard, but since *Kohler*, no longer does so.  *Compare Vogel*, 291 F.R.
25   D. at 441 (holding that "*Twombly* 's plausibility standard applies to affirmative defenses")
26   *with Loi Nguyen v. Durham Sch. Servs., L.P.*, 358 F. Supp. 3d 1056, 1060 (C.D. Cal. 2019)
27   ("The Court now concludes that the strict pleading standard of *Twiqbal* should
28   not apply to affirmative defenses and  instead applies the  less-demanding 'fair notice'

-10-

standard used by the Ninth Circuit in *Kohler*"). Thus, because *Vogel* preceded *Kohler*, and therefore, applied the *Twombly/Iqbal* standard when reviewing the defendant's affirmative defense, *Vogel* is inapposite to this case. *See Craten v. Foster Poultry Farms Inc.*, No. CV-15-02587-PHX-DLR, 2016 WL 3457899, at *2 (D. Ariz. June 24, 2016) (citing to *Vogel* while noting that "many courts have determined that 'Rule 8's requirements with respect to pleading defenses in an answer parallels the Rule's requirements for pleading claims in a complaint,'" and holding that "the Court concludes that *Twombly* and *Iqbal* do not govern affirmative defenses, and that . . . the affirmative defenses are adequately pled").

Third, the Court finds the *Hernandez* case distinguishable in light of the fact that only the Northern District has continued to apply the *Twombly/Iqbal* standard after the Ninth Circuit's decision in *Flava*. *See, e.g., Neo4j, Inc. v. PureThink, LLC*, No. 5:18-CV-07182-EJD, 2020 WL 4901619, at *3 (N.D. Cal. Aug. 20, 2020) ("[C]ourts in this district continue to require affirmative defenses to meet the *Twombly/Iqbal* standard"). Meanwhile, the Central, Eastern, and Southern Districts agree that courts should review affirmative defenses under the fair notice standard after the Ninth Circuit's decision in *Flava*. *See, e.g., Nguyen*, 358 F. Supp. 3d at 1060 (concluding that the Central District will no longer apply the *Twombly/Iqbal* standard and will apply the fair notice standard instead in light of *Kohler*); *RLI Ins. Co. v. City of Visalia*, 297 F. Supp. 3d 1038, 1058 (E.D. Cal. 2018), *aff'd*, 770 F. App'x 377 (9th Cir. 2019) ("District courts in this district have recently read the Ninth Circuit decision in *Kohler v. Flava Enterprises, Inc.*, 779 F.3d 1016, 1019 (9th Cir. 2015), to have resolved the split regarding whether the heightened plausibility requirement set out in [*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007),] and [*Ashcroft v. Iqbal*, 556 U.S. 662 (2009),] modifies the fair notice standard traditionally applied to affirmative defenses and have held that it does not") (internal quotations omitted); *Weintraub*, 299 F.R.D. at 664–65 (advising that even pre-*Kohler*, the Southern District utilized the fair notice standard rather than the *Twombly/Iqbal* standard when reviewing the adequacy of affirmative defenses); *Venson*, 2020 WL 4015708 at *1 (noting that the Southern District requires affirmative defenses to provide fair notice).

The Court finds that requiring a defendant to state factual support for this affirmative defense inherently conflicts with merely requiring a defendant to merely state a defense in general terms under Rule 8 and the fair notice standard. Thus, this Court denies Plaintiff's motion to strikes this affirmative defense.

### 3. Defendant's Fourteenth Affirmative Defense of Fundamental Alterations

Defendant's Fourteenth Affirmative Defense alleges that "[a]ny modification and/or barrier removal Plaintiff has demanded is subject to the defense of 'fundamental alteration' under 42 U.S.C. §§ 12182(b)(2)(A)(ii), (b)(2)(A)(iii)." ECF No. 5 at 12:6-10. Plaintiff, again, argues that the Fourteenth Affirmative Defense fails to plead facts showing "why removal of the barriers set forth in Plaintiff's Complaint would constitute a fundamental alteration." ECF No. 11 at 8:14-21. Defendant responds by arguing that arguing that the Ninth Circuit has recognized as an affirmative defense that a public accommodation is not required to make an accommodation that will fundamentally alter the nature of the business' goods and services. ECF No. 13 at 9:7-19.

For the same reasons outlined with respect to the Court's ruling on the Tenth Affirmative Defense, the Court believes that even though other cases have required defendants to provide the grounds for the assertion of fundamental alteration, *see, e.g.*, *Islands*, 280 F.R.D. at 571 (granting motion to strike the defense of fundamental alteration with leave to amend where the defense failed "to provide fair notice of its defense, because its answer provides no indication of the grounds for its assertion of fundamental alteration"), those cases conflict with *Kohler*'s decision. A defendant need only state an affirmative defense in general terms. *Kohler*, 779 F.3d at 1019. Thus, the Court denies Plaintiff's motion to strike the Fourteenth Affirmative Defense.

### 4. Defendant's Fifteenth Affirmative Defense of Equivalent Facilitation

Defendant's Fifteenth Affirmative Defense alleges that "Plaintiff's claims are barred because Defendant provided equivalent facilitation with regard to the alleged barriers set forth in Plaintiff's Complaint." ECF No. 5 at 12:11-14. Plaintiff again, argues that

-12-

Defendant has failed to plead facts in support of the affirmative defense asserted. ECF No. 11 at 8:23-9:10. Defendant again, responds by arguing that it is a validly recognized affirmative defense without addressing whether Defendant pled facts in support of the defense asserted. ECF No. 13 at 9:20-10:7.

The Court finds Defendant has sufficiently pled this defense. *See, e.g., Kohler v. Big 5 Corp.*, No. 2:12-CV-00500-JHN, 2012 WL 1511748, at *4 (C.D. Cal. Apr. 30, 2012) (denying the plaintiff's motion to strike the defendant's Seventh Affirmative Defense of Equivalent Facilitation by finding that it "provides sufficient notice to Plaintiff of the defense to be asserted"); *Kohler v. Bed Bath & Beyond of Cal., LLC*, No. CV 11-4451 RSWL SPX, 2012 WL 424377, at *2 (C.D. Cal. Feb. 8, 2012) (denying motion to strike the defendant's equivalent facilitation defense as sufficiently pled and finding it "is a proper affirmative defense against Plaintiff's claims under the ADA and . . . Unruh Act"). Thus, the Court denies Plaintiff's Motion to Strike the Fifteenth Affirmative Defense.

### 5. *Defendant's Seventeenth Affirmative Defense of Undue Burden and Hardship*

Defendant's Seventeenth Affirmative Defense alleges that "Plaintiff's claim for injunctive relief and other equitable relief is barred because it will cause Defendant significant harm in the nature of undue burden and hardship that outweighs any purported benefit of the Court bypassing the Department of Justice's Congressionally-mandated rulemaking process by imposing a purely voluntary website accessibility standard." ECF No. 5 at 12:20-26. Plaintiff again, argues Defendant has failed to plead facts in support of the affirmative defense asserted. ECF No. 11 at 9:24-10:6. Defendant again, responds by arguing that its affirmative defense is a validly recognized one while declining to comment on whether Defendant pled facts in support of the defense. ECF No. 13 at 10:8-16.

"[U]ndue burden only operates as a defense to a claim under ADA § 302(b)(2)(A)(iii), 42 U.S.C. § 12182(b)(2)(A)(iii)." *Big 5 Corp.*, 2012 WL 1511748 at *3–4. Here, Plaintiff's complaint pleads claims under section 302(b)(2)(A)(iii). *See* ECF No. 1 at 17:22-18:6. Thus, while other courts have stricken this defense on the basis that undue

-13-

burden only operates as a defense to a claim under section 302(b)(2)(A)(iii) of the ADA, and no such claim was alleged in the complaints in those cases, *see, e.g., Big 5 Corp.*, 2012 WL 1511748 at *3–4 (noting that "[i]n the event that Plaintiff seeks to amend the Complaint to assert a claim under ADA § 302(b)(2)(A)(iii), Defendant may seek leave to reassert this affirmative defense"); *see also Islands,* 2012 WL 524086 at *9 (accepting Plaintiff's claim that the complaint did not include a claim under ADA § 302(b)(2)(A)(iii) and striking Defendant's undue burden defense without prejudice with leave to restate the defense if such a claim was added), doing so would be improper here.  Instead, because Plaintiff's complaint alleges claims under section 302(b)(2) of the ADA, undue burden is an appropriate defense.  Further, because Defendant adequately pled this defense, the Court denies Plaintiff's motion to strike Defendant's Seventeenth Affirmative Defense.

## B.   Defenses Plaintiff Alleges Fail as a Matter of Law

"An affirmative defense fails as a matter of law if it 'lacks merit under any set of facts the defendant might allege.'" *Harris*, 303 F.R.D. at 628.  Here, Plaintiff alleges that some of Defendant's affirmative defenses lack basis in the law.  Defendant disagrees.  As set forth below, the Court agrees with Defendant that Plaintiff's Motion should be denied as to the Sixth and Twelfth Affirmative Defenses.

### 1.   *Defendant's Sixth Affirmative Defense of Good Faith.*

Defendant's Sixth Affirmative Defense of Good Faith alleges that "Defendant has acted reasonably and in good faith at all times material to Plaintiff's Complaint based on all relevant facts, law and circumstances known by Defendant at the time that Defendant acted."  ECF No. 5 at 10:13-17.  Plaintiff argues that (1) "there is no state of mind requirement for an ADA or Unruh Act claim and, therefore, the defense of 'good faith' is inapplicable," and (2) Defendant fails to allege any facts showing how it acted in good faith. ECF No. 11 at 6:1-9.  Defendant responds by arguing that the defense of good faith "is a well-recognized affirmative defense in accessibility matters," noting that motions to strike the same defense have been denied by other courts. ECF No. 13 at 7:3-12.

"[A] plaintiff need not show intentional discrimination in order to make out a

-14-

violation of the ADA." *Lentini v. Cal. Ctr. For the Arts, Escondido*, 370 F.3d 837, 846 (9th Cir. 2004). Further, "in 1992, the California Legislature amended California Civil Code Section 51 and added a provision that a defendant violates the Unruh Act whenever it violates the ADA." *Feezor*, 524 F.Supp.2d at 1224–25 (citing Civ. Code § 51(f)). Thus, "[t]he Ninth Circuit has held that violating the ADA is a *per se* violation of the Unruh Act," *Montoya v. City of San Diego*, 434 F. Supp. 3d 830, 852 (S.D. Cal. 2020) (citing Civ. Code § 51(f)), but a violation of the UCRA does not necessarily violate the ADA. As a result, if a plaintiff establishes an ADA violation, then, the plaintiff has also established a violation of the UCRA without having to show intentional discrimination. "However, when a Plaintiff has not established an ADA violation, they must plead intentional discrimination" in order to establish a violation under the UCRA. *Montoya*, 434 F. Supp. 3d at 852. Thus, the defense of good faith, although potentially irrelevant to a violation of the ADA, is relevant to violations alleged under the UCRA.[2] For instance, in *Kohler v. Islands Restaurants, LP*, the court rejected the plaintiff's argument that the defendant's reliance on the good faith defense "is preempted by federal law," choosing instead, to agree with the defendant's argument that the defense still applied to the plaintiff's state law causes of action." 280 F.R.D. at 569–70. The court noted that "[t]here may be instances where a facility is not compliant with the California Disabled Persons Act but still

---

[2]     That being said, if Plaintiff fails to establish a violation under the ADA, this Court, like many other courts, would likely decline exercising supplemental jurisdiction over the UCRA claims. *See, e.g., Schutza v. Cuddeback*, 262 F. Supp. 3d 1025, 1027–32 (S.D. Cal. 2017) (holding that the plaintiff's state law claim substantially predominated over his ADA Title III claim, and as such, judicial economy, convenience, fairness, and comity warranted the court declining supplemental jurisdiction over the Unruh Act claims) (Bashant, J.); *Harris v. Stonecrest Care Auto Center, LLC*, 472 F.Supp.2d 1208, 1220 (S.D. Cal. 2007) (holding that with "[t]he federal claim having been dismissed for want of jurisdiction," the Court could not "exercise supplemental jurisdiction to hear Mr. Harris' state law claims" and dismissed the state law claims *without prejudice*) (Burns, J.). As a result, the answer, along with its affirmative defenses, would need to be reviewed by the superior court under California's code pleadings standard.

-15-

compliant with ADA, because the Disabled Persons Act may demand higher standards than the ADA." *Id.* Thus, it held that the defense may still apply to the alleged state-law violation, and as such, denied the plaintiff's motion to strike the affirmative defense. *Id.*; *but see Staples*, 291 F.R.D. at 471–72 (denying the plaintiff's motion to strike the defendant's affirmative defenses based on good faith because "a plaintiff alleging an Unruh Act violation premised on an ADA violation need not show intentional discrimination"). Here, the Court believes that the defense of good faith is a valid defense, and Defendant has pled sufficient facts to provide Plaintiff fair notice. Thus, the Court denies Plaintiff's motion to strike Defendant's Sixth Affirmative Defense.

### 2.   *Defendant's Twelfth Affirmative Defense of Article III Standing*

Defendant's Twelfth Affirmative Defense regarding standing alleges that "Plaintiff has not incurred any actual damages or injury," and because Plaintiff has "suffered no concrete harm, this Court lacks Article III standing to hear this case." ECF No. 5 at 11:22-28. Plaintiff argues that Defendant's Twelfth Affirmative Defense should be stricken because (1) it fails to include facts to support the affirmative defense and (2) "lack of standing is not a valid affirmative defense." ECF No. 11 at 7:13-8:3. Defendant argues that it "is permitted to raise standing, a jurisdictional defense, in its answer." ECF No. 13 at 7:25-9:6 (citing Fed. R. Civ. P. 12(b)(1)).

With respect to Plaintiff's first argument, this Court believes Defendant may raise lack of standing by affirmative defense. *See Kohler v. Big 5 Corp.*, No. 2:12-CV-00500-JHN, 2012 WL 1511748, at *5 (C.D. Cal. Apr. 30, 2012) (denying the plaintiff's motion to strike the defendant's tenth affirmative defense for lack of standing because "courts have recognized it as an affirmative defense); *Kohler v. Bed Bath & Beyond of California, LLC*, No. CV 11-4451 RSWL SPX, 2012 WL 424377, at *3 (C.D. Cal. Feb. 8, 2012) (same); *Solis v. Couturier*, No. 208-CV-02732-RRB-GGH, 2009 WL 3055207, at *1 (E.D. Cal. Sept. 17, 2009) (noting that "[l]ack of standing is a recognized affirmative defense, and it was therefore proper for Johanson to restate his denial of fiduciary duty as a defense for lack of standing and jurisdiction"); *see also San Diego Unified Port Dist. v. Monsanto Co.*,

-16-

309 F. Supp. 3d 854, 861 (S.D. Cal. 2018) (denying the plaintiff's motion to strike the defendant's defense of lack of standing based on the plaintiff's argument that it was not a true affirmative defense, noting that the defense provided the plaintiff fair notice, and "the Court cannot conclude at this early stage in proceedings that these defenses will have no possible bearing on the subject matter of the litigation") (Hayes, J.). Article III standing is a powerful defense in ADA cases, particularly where a district court is exercising supplemental jurisdiction over state law claims on the basis that those claims are related to federal claims brought under the ADA. Thus, the Court disagrees with Plaintiff's argument that this defense fails as a matter of law.

As to Plaintiff's second argument that Defendant pled insufficient facts for this affirmative defense, the Court finds that Defendant adequately pled this defense. Defendant specified that Plaintiff may not have standing due to a lack of damages, injury, or harm, unlike other cases where courts granted motions to strike because the defendants made conclusory statements that the plaintiffs simply "lacked standing." *See, e.g., Staples,* 291 F.R.D. at 469 (striking the defendant's defense of lack of standing with leave to amend where the defendant, Staples, had alleged the plaintiff lacked "standing to pursue his alleged claims," the court agreed that "these simple identifications" of defenses was insufficient to provide fair notice); *IslandsP,* 280 F.R.D. at 567 (same). Here, the Court finds Defendant provided fair notice of its defense. Thus, the Court denies Plaintiff's Motion to Strike Defendant's Twelfth Affirmative Defense of Article III Standing.

## C.    **Plaintiff's Argument of Prejudice**

Plaintiff argues that she "is prejudiced by having to defend against poorly pled affirmative defenses," which will cause irrelevant discovery and potentially complicate trial. ECF No. 11 at 10:7-21. Defendant responds by arguing that Plaintiff has not made an adequate showing of prejudice. ECF No. 13 at 11:7-15.

In *Harris v. Chipotle Mexican Grill, Inc.,* 303 F.R.D. 625, 628–29 (E.D. Cal. 2014), the court agreed that some of the defendant's defenses were not "truly affirmative in nature" but denied the "plaintiffs' motion to strike them because [the] plaintiff have failed

-17-

to show they will suffer prejudice if the defenses are left in the defendants' Answer." The court reasoned that it could not "conceive how these defenses will 'cost both parties and the court unnecessary time and resources," noting, instead, that "it is more likely the parties and the court have already needlessly expended more resources on this motion." *Id.*

Although the Court agrees that there are instances in which a motion to strike affirmative defenses will limit discovery, such as where defendants name excessive defenses that lack merit in the law, the Court does not find this case to represent such an instance. Defendant did not plead an excessive number of defenses and agreed to strike many of them voluntarily. As such, the Court finds that the prejudice to Plaintiff, if any, arising from the Court's partial denial of this Motion is minimal at best. In fact, many courts require a showing of prejudice before granting a motion to strike even where circumstances exist to warrant granting the motion. *Greenwich*, 729 F. Supp. 2d at 1162. Here, the Court finds that Plaintiff has not shown significant prejudice to warrant granting her motion to strike. In fact, the Court agrees with the *Harris* court that Plaintiff's motion likely prejudiced the parties more than the Court's denial.

### D.   Defendant's Request for Judicial Notice is Denied

Defendant, along with its opposition, asks the Court to take judicial notice of nine different legal opinions. However, Defendant fails to specify what facts, if any, it would like the Court to take judicial notice of—i.e., the existence of the opinion, that the Court comes to a certain holding, or the facts of the opinion. Due to Defendant's failure to specify of which facts it would like the Court to take judicial notice, the Court denies Defendant's request for judicial notice as vague and ambiguous.

In denying Defendant's request, the Court notes that all cases cited by Defendant in support of its opposition were already reviewed by the Court and need not be provided to the Court separately via a request for judicial notice in order to make certain the Court reviews them. A request for judicial notice is only appropriate when asking the court take notice of (1) facts not subject to reasonable dispute and "generally known within the trial court's territorial jurisdiction" and (2) adjudicative facts, which "can be accurately and

readily determined from sources whose accuracy cannot reasonably be questioned." FED. R. EVID. 201(b)(1)-(2).   While the Court may permissibly take judicial notice of facts from court records, *see, e.g.*, *Asdar Group v. Pillsbury, Madison & Sutro*, 99 F.3d 289, 290, fn. 1 (9th Cir. 1996) (taking judicial notice of court records), Defendant, again, did not specify of which facts, if any, from the decisions provided to the Court it would like the Court to take judicial notice.   Thus, while the courts can and have taken judicial notice of other opinions, they do not take judicial notice of the facts contained in those opinions. *See, e.g.*, *Perez v. Kroger Co.*, 336 F. Supp. 3d 1137, 1141 (C.D. Cal. 2018), *appeal dismissed*, No. 18-56458, 2020 WL 2029351 (9th Cir. Mar. 27, 2020) (taking judicial notice of a decision in another case "but not the facts contained therein"); *Montantes v. Inventure Foods*, No. 14-cv-1128-MWF, 2014 WL 3305578, at *2 C.D. Cal. July 2, 2014 (stating that courts "take judicial notice of proceedings in other courts . . . if those proceedings have a direct relation to matters at issue") (internal quotation marks omitted); *Peviani v. Hostess Brands, Inc.*, 750 F. Supp. 2d 1111, 1117 (C.D. Cal. 2010) (taking judicial notice of two district court decisions at the defendant's request but noting "that these decisions have no binding authority on this court); *Marsh v. San Diego Cty.*, 432 F. Supp. 2d 1035, 1043 (S.D. Cal. 2006) (noting that "[a] court may take judicial notice of the existence of matters of public record, such as a prior order or decision, but not the truth of the facts cited therein").   Thus, Defendant's request for judicial notice is denied.

## V.    CONCLUSION

For the above reasons, the Court **DENIES** Plaintiff's Motion to Strike Affirmative Defenses Nos. 4, 6, 10, 12, 14, 15, and 17.   With respect to Affirmative Defense Nos. 1, 5, 7-8, 11, 13, and 16, the Motion is moot as Defendant has agreed to withdraw these defenses.

**IT IS SO ORDERED.**

DATED:   October /9, 2020

_____
HON. ROGER T. BENITEZ
United States District Judge

-19-